**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SHEILA S.,[1]

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:25-cv-366

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER[2]**

Plaintiff Sheila S. filed this Social Security appeal in order to challenge the Defendant's finding that she is not disabled. *See* 42 U.S.C. § 405(g). Proceeding through counsel, Plaintiff presents two claims of error for this Court's review. As explained below, the Administrative Law Judge (ALJ)'s decision should be AFFIRMED because it is supported by substantial evidence.

**I. Summary of Administrative Record**

On April 4, 2022, Plaintiff filed a Title II application for a period of disability and disability insurance benefits, alleging disability beginning September 1, 2021. Plaintiff's claim was denied initially and on reconsideration. On August 11, 2023, Plaintiff appeared with counsel and testified at a telephonic hearing before Administrative Law Judge ("ALJ") Stacy Appleton. A vocational expert also testified. On November 16, 2023, the ALJ issued

[1]Because of significant privacy concerns in social security cases, the Court refers to claimants only by their first names and last initials. *See* General Order 22-01.

[2]The parties have consented to disposition by the undersigned magistrate judge. *See* 28 U.S.C. § 636(c).

an adverse written decision, concluding that Plaintiff was not disabled. Plaintiff subsequently filed this judicial appeal challenging the ALJ's decision.

Plaintiff was born in 1975 and was 46 years old on the alleged disability onset date. (Tr. 29). She has at least a high school education. The ALJ determined that Plaintiff engaged in substantial gainful activity from the alleged onset date through April 5, 2022, but otherwise had a continuous 12-month period during which she did not engage in substantial gainful activity.[3] (Tr. 19-20).

Based on the record and testimony presented at the hearing, the ALJ found that Plaintiff had the following severe impairments: "osteoarthritis; obesity; chronic obstructive pulmonary disease; history of degenerative disc disease; history of transient ischemic attack; unspecified neurocognitive disorder; social anxiety disorder, depressive disorder; anxiety disorder; and substance use disorder in remission." (Tr. 20). Considering Plaintiff's impairments individually and in combination, the ALJ determined that none met or medically equaled "the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." (*Id.*). The ALJ determined that, despite these impairments, Plaintiff retains the residual functional capacity ("RFC") to perform light work subject to the following exceptions:

> the claimant can occasionally climb ladders, ropes, or scaffolds; must avoid exposure to hazards including unprotected heights, dangerous machinery, and open bodies of water; cannot perform work requiring a specific production rate such as assembly line work or work that requires hourly quotas; can deal with occasional changes in a routine work setting; must avoid exposure to extreme heat, humidity, and pulmonary irritants including odors, dusts, fumes, gases, and poor ventilation; is limited to understanding,

---

[3] The ALJ found that "even if the claimant had not engaged in substantial activity during this period, she would still be found not disabled for the entire period at issue." (Tr. 20).

> remembering, and carrying out simple instructions; and can use judgement to make simple, work-related decisions.

(Tr. 22-23). Considering Plaintiff's age, education, work experience, and RFC, the ALJ determined Plaintiff could perform other jobs that exist in significant numbers in the national economy, including the representative occupations of garment sorter, inspector, and marker. (Tr. 29). The ALJ concluded that Plaintiff was not disabled from September 1, 2021 through the date of the decision. (Tr. 30).

In this case, Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence and that the ALJ erred in determining that her arthritis was not a medically determinable impairment. (*See* Doc. 8).

## II. Analysis

### A. Judicial Standard of Review

To be eligible for benefits, a claimant must be under a disability. Narrowed to its statutory meaning, a "disability" includes only physical or mental impairments that are both "medically determinable" and severe enough to prevent the applicant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *See Bowen v. City of New York*, 476 U.S. 467, 469-70 (1986).

When a court is asked to review the Commissioner's denial of benefits, the court's first inquiry is to determine whether the ALJ's non-disability finding is supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (additional citation and internal quotation omitted). In conducting this review, the court should consider the record as a whole. *Hephner v.*

*Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). If substantial evidence supports the ALJ's denial of benefits, then that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994). As the Sixth Circuit has explained:

> The Secretary's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion . . . . The substantial evidence standard presupposes that there is a 'zone of choice' within which the Secretary may proceed without interference from the courts. If the Secretary's decision is supported by substantial evidence, a reviewing court must affirm.

*Id.* (citations omitted). *See also Biestek v. Berryhill*, 587 U.S. 97, 104 (2019) (holding that substantial evidence is evidence a reasonable mind might accept as adequate to support a conclusion and that the threshold "is not high").

In considering an application for supplemental security income or for disability benefits, the Social Security Agency is guided by the following sequential benefits analysis: at Step 1, the Commissioner asks if the claimant is still performing substantial gainful activity; at Step 2, the Commissioner determines if one or more of the claimant's impairments are "severe;" at Step 3, the Commissioner analyzes whether the claimant's impairments, singly or in combination, meet or equal a Listing in the Listing of Impairments; at Step 4, the Commissioner determines whether the claimant can still perform his or her past relevant work; and finally, at Step 5, if it is established that claimant can no longer perform his or her past relevant work, the burden of proof shifts to the agency to determine whether a significant number of other jobs which the claimant can perform exist in the national economy. *See Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006); 20 C.F.R. §§404.1520, 416.920.

A plaintiff bears the ultimate burden to prove by sufficient evidence that she is entitled to disability benefits. 20 C.F.R. § 404.1512(a). A claimant seeking benefits must present sufficient evidence to show that, during the relevant time period, she suffered an impairment, or combination of impairments, expected to last at least twelve months, that left her unable to perform any job. 42 U.S.C. § 423(d)(1)(A).

**B. The ALJ's RFC Finding is Supported by Substantial Evidence.**

In her first claimed error, Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence. Specifically, Plaintiff claims that the restrictions in the RFC did not adequately reflect documented moderate limitations in concentration, persistence, and pace. Plaintiff argues that the ALJ failed to adequately explain the omission of limitations identified by the state psychological consultants and other evidence in formulating the RFC and hypotheticals for the vocational expert. (Doc. 8 at PageID 2842-46).

A claimant's RFC is an assessment of "the most a [Plaintiff] can still do despite [her] limitations." 20 C.F.R. § 416.945(a)(1). An RFC assessment must be based on all the relevant evidence in the case file. *Id.* The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. § 416.913(a)(1)– (5).

In rendering the RFC determination, the ALJ need not discuss every piece of evidence considered. *See Conner v. Comm'r*, 658 F. App'x 248, 254 (6th Cir. 2016) (citing *Thacker v. Comm'r*, 99 F. App'x 661, 665 (6th Cir. May 21, 2004)). However, the ALJ still has an obligation to consider all of the evidence before her and to meaningfully

explain how the evidence supports each conclusion and limitation included in the RFC. *See Ryan v. Comm'r of Soc. Sec.*, 307 F. Supp. 3d 797, 803 (S.D. Ohio 2017) (Newman, M.J.), *report and recommendation adopted*, No. 3:16-CV-124, 2017 WL 3412107 (S.D. Ohio Aug. 8, 2017) (Rice, D.J.); Soc. Sec. R. 96-8p, 1996 WL 374184, *7 ("The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts ... and nonmedical evidence ...").

The Sixth Circuit has found that the administrative law judge's residual functional capacity finding does not need to correspond to a particular physician's opinion. *Rudd v. Comm'r of Soc. Sec.*, 531 F. App'x 719, 728 (6th Cir. 2013) (rejecting the argument that the administrative law judge is required to base her determination on a physician's opinion). As such, no bright-line rule exists in our circuit directing that medical opinions must be the building blocks of the residual functional capacity finding, but the administrative law judge must make a connection between the evidence relied on and the conclusion reached. *Tucker v. Comm'r of Soc. Sec.*, 775 F. App'x 220, 226 (6th Cir. 2019).

The undersigned finds no error in the ALJ's decision in this case. In formulating the RFC, the ALJ considered both Plaintiff's subjective allegations as well as the persuasiveness of the prior administrative medical findings. After consideration of the entire record, the ALJ determined that Plaintiff's statements about the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 26). As relevant here, with respect to Plaintiff's alleged mental impairments, the ALJ noted the record revealed a history of minimal treatment consisting of medical management with notations of intermittent medications compliance for mental health symptoms. The ALJ further noted that Plaintiff

was able to seek out treatment as needed, access community resources, interact with treatment providers and family, and work during the relevant period despite her symptoms. The ALJ nevertheless determined several limitations were warranted, including limitations regarding production rate, quotas, routine work setting, complexity of instructions and required decision making. (Tr. 27).

The State agency psychological consultants, Vicki Warren, Ph.D. and Karla Delcour, Ph.D., found that Plaintiff had moderate limitations in her ability to concentrate, persist or maintain pace and to adapt or manage. (Tr. 67). After evaluating Plaintiff's limitations, symptoms, and medical history, Warren and Delcour opined that Plaintiff could keep a routine work pace, complete a workweek, and deal with occasional change. (Tr. 71, 80). The ALJ found the opinions to be somewhat persuasive. (Tr. 27). Out of an abundance of caution for Plaintiff's unspecified neurocognitive functioning, however, the ALJ further restricted Plaintiff from performing work requiring a specific production rate or hourly quotas, that Plaintiff could deal with occasional changes in a routine work setting, is limited to understanding, remembering, and carrying out simple instructions, and can use judgment to make simple, work-related decisions. (Tr. 28).

Upon review of the administrative decision and the record as a whole, the Court finds that Plaintiff has failed to establish error in the ALJ's mental RFC assessment. Although Plaintiff contends that the ALJ failed to account for the moderate limitations noted in the State psychological consultants' assessments,[4] the ALJ specifically reviewed

---

[4] Plaintiff points to the consultants' worksheet ratings finding moderate limitations in her ability to maintain attention and concentration for extended periods; ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest period; and ability to respond appropriately to changes in the work setting. (*See* Tr. 71, 80). However, as argued by Defendants (Doc. 10 at PageID 2861-62) and noted

these findings and moderate limitations in evaluating the persuasiveness of the opinions. (Tr. 22, 27-28). Furthermore, the state-agency psychologists' narrative mental-RFC findings expressly concluded that Plaintiff could maintain a routine work pace, complete a workweek, and tolerate occasional changes, despite the moderate limitations noted on the assessment worksheet and relied upon by Plaintiff. (Tr. 71, 80). The ALJ explained that she found the assessments generally persuasive and adopted their functional conclusions. (Tr. 22, 27).

The ALJ also discussed and properly considered the May 2023 neuropsychological evaluation in rendering the decision. (Tr. 26). Dr. Laura Boxley, Ph.D. conducted the evaluation due to Plaintiff's concerns regarding worsening memory and attention. Testing revealed slowed and inconsistent reaction times; borderline attention and mental flexibility; below-expected memory; impaired learning and borderline delayed recall; borderline reasoning and problem-solving; and distractibility, helplessness, low confidence, and distress. (Tr. 2350). Boxley found Plaintiff's presentation appeared best characterized as "Unspecified Neurocognitive Disorder." (*Id.*). She did not, however, identify specific restrictions, recommend vocational accommodations, or otherwise translate the test results into work limitations. It is well established that a mere diagnosis or catalog of symptoms does not indicate functional limitations caused by the impairment. *See Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 151 (6th Cir. 1990).

---

below, the consultants' worksheet ratings were not made part of the consultant's ultimate mental RFC assessment. *Cf. Jewel F. Comm'r of Soc. Sec.*, No. 2:24-cv-81, 2024 WL 3082656, at *5-7 (S.D. Ohio June 21, 2024) (rejecting a substantially similar argument as raised by Plaintiff here and explaining that "the actual RFC is contained in the narrative discussions in the four text boxes that follow the four categories of limitations" on the worksheet form).

Although Plaintiff argues the evaluation supports additional limitations, she fails to identify a medical opinion containing specific, work-related functional limitations greater than those incorporated into the RFC.[5]

The ALJ nevertheless considered the evaluation, found moderate limitations in understanding, remembering, or applying information and in concentration, persisting, or maintaining pace, and specifically included additional restrictions based on Plaintiff's unspecified neurocognitive functioning that she found supported by the record. (Tr. 22-23, 27-28). To the extent that Plaintiff otherwise asks this Court to reweigh the evidence it is the sole responsibility of the ALJ to evaluate the evidence in the record and determine the RFC. *See* 20 C.F.R. § 416.946; *Poe v. Comm'r of Soc. Sec.*, 342 F. App'x 149, 157 (6th Cir. 2009).

Finally, Plaintiff argues that the vocational hypothetical should have included a need for repeated directions, visual demonstrations, and/or unspecified additional concentration-related restrictions. (Doc. 8 at PageID 2846). However, the Sixth Circuit has held that a hypothetical question must only include a claimant's credible impairments and limitations. *See Smith v. Halter,* 307 F.3d 377, 378 (6th Cir. 2001); *Casey v. Sec'y of Health & Human Servs.,* 987 F.2d 1230, 1235 (6th Cir. 1993) ("It is well established that an ALJ may pose hypothetical questions to a vocational expert and is required to incorporate only those limitations accepted as credible by the finder of fact.") (citing *Hardaway v. Sec'y of Health & Human Servs.*, 823 F.2d 922 (6th Cir. 1987)). Plaintiff's

---

[5] The ALJ separately considered the conclusory statements of Daniel DiSalvo, CNP, and Ann Kennedy, LISW, who stated that Plaintiff was unable to perform employment duties and maintain employment. (Tr. 28). The ALJ properly found the statements inherently valuable nor persuasive as the opinion as to whether Plaintiff can work is an issue reserved to the Commissioner. 20 C.F.R. § 404.1520b(c).

claim/hypothetical is again not supported by any medical opinion identifying such functional limitations. Upon review, the Court finds that Plaintiff has not shown that she had limitations greater than those reflected in the ALJ's hypothetical question and eventual RFC finding. The ALJ's hypothetical question was supported by the medical record and other evidence as detailed above and the ALJ's decision is substantially supported in this regard.

Upon review of the entire record, the Court finds no error in the ALJ’s RFC determination. As detailed above, the ALJ properly considered Plaintiff’s subjective allegations and the prior administrative medical findings and her decision is supported by substantial evidence. The ALJ adopted limitations to incorporate the consultants’ conclusions and added additional restrictions based on Plaintiff’s unspecified neurocognitive disorder. The ALJ was not required to adopt the consultants’ worksheet ratings verbatim or to make the RFC correspond exactly to a particular medical opinion. *Rudd*, 531 F. App'x at 728; *Tucker*, 775 F. App’x at 226. To the extent that Plaintiff otherwise points to evidence that she contends could support greater restrictions, it is the sole responsibility of the ALJ to evaluate the evidence in the record and determine the RFC. Plaintiff’s first alleged error is without merit.

**C. The ALJ Adequately Considered Plaintiff’s Hand Arthritis Impairments.**

Plaintiff also contends that the ALJ erred in failing to find her “primary osteoarthritis and arthropathy of the right hand” to be a medically determinable impairment. According to Plaintiff, it is therefore not clear that the ALJ considered the impact the impairment had on Plaintiff’s RFC. (Doc. 8 at PageID 2846-49). The undersigned disagrees.

As an initial matter, the ALJ expressly found "osteoarthritis" to be a severe medically determinable impairment. (Tr. 20). In assessing the RFC, the ALJ also addressed Plaintiff's testimony regarding her right-hand surgery, persistent arthritis and pain with repetitive activity, and claimed lifting restrictions, while noting her reported ability to hold items, avoid dropping objects, type, and reach. (Tr. 23). The ALJ further considered the opinions of the state-agency physicians, who reviewed the hand-arthritis evidence and concluded that Plaintiff could perform light work, lifting or carrying twenty pounds occasionally and ten pounds frequently. (Tr. 65-66). The ALJ found the opinions somewhat persuasive and determined that Plaintiff could perform a reduced range of light work, adding additional environmental restrictions. (Tr. 27). Thus, this is not a scenario where the ALJ failed to recognize Plaintiff's hand condition and any functional impact associated with it. That the ALJ found osteoarthritis to be a severe medically determinable impairment as opposed to separately listing primary osteoarthritis and right hand arthropathy does not establish reversible error.

In any event, an error at step two does not require reversal where the ALJ finds at least one severe impairment and proceeds through the remaining steps of the sequential evaluation, so long as the ALJ considers the limiting effects of all medically determinable impairments in formulating the RFC. *Maziarz v. Secretary of Health and Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987); 20 C.F.R. § 404.1545(a)(2). In this case the ALJ found several severe impairments, including osteoarthritis, obesity, chronic obstructive pulmonary disease, history of degenerative disc disease, history of transient ischemic attack, unspecified neurocognitive disorder, social anxiety disorder, depressive disorder, anxiety disorder, and substance use disorder in remission. (Tr. 20). Although the ALJ did

not separately identify right hand arthropathy and primary osteoarthritis as severe, the ALJ explicitly noted that she considered the entire record and all of Plaintiff's medically determinable impairments, including those that are not severe, when assessing Plaintiff's RFC. (Tr. 22-23). Accordingly, Plaintiff has not shown that the ALJ's step-two finding or RFC assessment requires remand.

**III. Conclusion and Order**

Accordingly, **IT IS ORDERED THAT** Defendant's decision be **AFFIRMED** as supported by substantial evidence, and that this case be **CLOSED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
Chief United States Magistrate Judge